RECEIVED
IN LAKE CHARLES, LA.

DEC - 1 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEVIN L. COPE and BAERBEL SZENNIA | : | DOCKET NO. 2:10 CV 922 |
| VS. | : | JUDGE MINALDI |
| CITIMORTGAGE, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss, filed by the defendant, Citimortgage, Inc. ("Citi") [Doc. 7]. The plaintiffs, Kevin L. Cope and Baerbel Szennia, filed an Opposition [Doc. 10]. Citi filed a Reply [Doc. 11].[1]

## BACKGROUND

This lawsuit stems from the alleged failure of Citi to properly disburse funds from an escrow account for property tax payments.[2] As specified in the mortgage, Citi holds money in escrow to pay real estate taxes and insurance for the plaintiffs' residence. Citi allegedly failed to pay the plaintiffs' 2008 and 2009 property taxes.[3] The plaintiffs also complain that Citi withdrew too much money from their escrow account to pay those property taxes, and failed to

---

[1] For purposes of this Motion, all facts are construed in a light most favorable to the plaintiffs. Furthermore, all matters presented outside of the pleadings that would render this motion a motion for summary judgment under Federal Rule of Civil Procedure 12(d) are excluded.

[2] Compl. ¶¶ 1-2 [Doc. 1]. An escrow account is a bank account held in the name of the depositor and escrow agent that is paid to a third party on the fulfillment of the escrow condition. *See* BLACK'S LAW DICTIONARY 545 (6th ed. 1990). To provide one example, "funds for payment of real estate taxes are commonly paid into [the] escrow account of bank-mortgagor by mortgagee." *Id.* While relevant to the analysis of the constructive fraud claim, Citi asserts that escrow accounts for real estate taxes are solely for the benefit of the bank-mortgagor. Def.'s Mem. in Supp. of Mot. to Dismiss 4 [Doc. 7]. However, it has failed to cite to any applicable statute or case, and this Court has found none, to support that assertion.

[3] Compl. ¶¶ 7, 10, & 15.

1

refund the proper amount back to that account.[4] The plaintiffs assert claims for (1) Breach of Contract; (2) Fraud; (3) Constructive Fraud; (4) Breach of Good Faith; (5) Unfair Trade Practices; (6) violation of the Real Estate Settlement Practices Act ("RESPA"); and (7) Conversion.[5]

Citi requests this Court to dismiss the Unfair Trade Practices claim because the controlling Louisiana statute expressly provides that it is inapplicable to "any federally insured financial institution, its affiliates and subsidiaries." Indeed, the plaintiffs concede that Louisiana's Unfair Trade Practice Act does not apply to Citi.[6] Next, Citi seeks dismissal of the plaintiffs' fraud, constructive fraud, and breach of good faith and fair dealing claims, arguing that the plaintiffs failed to properly plead these causes of action.[7]

## 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Yet, the court is not bound to accept legal conclusions framed as factual allegations. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

---

[4] Compl. ¶¶ 14-19 [Doc. 1].

[5] Compl. [Doc. 1].

[6] Def.'s Mem. in Supp. of Mot. to Dismiss 7 [Doc. 7]; Pls.' Mem. in Opp'n of Mot. to Dismiss 1 [Doc. 10].

[7] Def.'s Mem. in Supp. of Mot. to Dismiss 2 [Doc. 7].

To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 129 S.Ct. at 1949-50. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## ANALYSIS

In its Motion to Dismiss, Citi asserts that the averments of fraud fail to state "the particularities of 'time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby."[8] According to Citi, the plaintiffs likewise failed to plead "particularized facts showing reliance, that is, 'what was given up or obtained by the alleged fraud.'"[9]

Citi also argues that the plaintiffs' constructive fraud and breach of good faith and fair dealing claims should be dismissed for the same procedural defect as the fraud claim. Specifically, Citi claims that "to the extent [the] plaintiffs seek to predicate any action for breach of [the] obligation of good faith and fair dealing on fraud, the claim is subject to the particularity requirements imposed under [Rule] 9(b)." Finally, Citi contends that the plaintiffs failed to allege any intentional conduct, as required to state a claim for fraud and breach of good faith.[10]

---

[8] Def.'s Mem. in Supp. of Mot. to Dismiss 8 [Doc. 7].

[9] Def.'s Mem. in Supp. of Mot. to Dismiss 9 [Doc. 7].

[10] Def.'s Mem. in Supp. of Mot. to Dismiss 10-15 [Doc. 7]

3

The plaintiffs respond by asserting that their complaint "clearly and particularly sets forth the facts upon which their claims are based." They argue that particularity is implicit within the alleged facts because the allegations are limited to a specific mortgage and escrow account over a specified period of time. The plaintiffs further dispute Citi's contention that the complaint lacks allegations of intentional conduct, stating: "it is unfathomable that an organization with the size, breadth, capacity, and resources of Citi could have been acting in anything but an intentional manner." Finally, the plaintiffs argue that the allegations of bad faith are implicit in the facts precipitating this lawsuit. Those facts allegedly describe "Citi's systematic, intentional, and malicious failure to meet its contractual obligations."[11]

**(1) FRAUD**

"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE ANN. art. 1953 (2006). Likewise, "fraud may result . . . from a failure to act, such as silence, that is calculated to produce a misleading effect." LA. CIV. CODE ANN. art. 1953 Comment (b). As such, the elements of fraud claim under Louisiana law are: (1) a misrepresentation or omission of material fact (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury. *See, e.g., Foley & Lardner, LLP v. Aldar Invs., Inc.*, 491 F. Supp. 2d 595 (M.D.La. 2007).

This Court need not consider whether the plaintiffs properly pleaded fraud with particularity under Federal Rule of Civil Procedure 9(b). The complaint fails to allege a necessary element of fraud: fraudulent intent, which makes the complaint deficient under Rule

[11] Pls.' Mem. in Opp'n of Mot. to Dismiss 5-7 [Doc. 10].

8(a).[12] The plaintiffs, however, argue that fraudulent intent is not within the purview of Rule 9(b)'s heightened pleading standard, and they further contend that the complaint describes Citi's systematic pattern of neglect in (1) failing to heed the plaintiffs' warnings that taxes had not been paid and (2) failing to pay taxes. According to the plaintiffs, based on the sheer size of Citi as a corporate entity, these actions (or inactions) imply intentional conduct.[13]

Although the plaintiffs correctly note that Rule 9 excuses a party from pleading fraudulent intent with particularity, "[i]t does not give [them] license to evade the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 129 S.Ct. at 1954. Under Rule 8, the plaintiffs must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Because the complaint fails to provide any factual allegations of intentional conduct by Citi, the plaintiffs' fraud allegation is deficient. *See Twombly*, 550 U.S. at 565 (finding complaint deficient for lack of a "plausible suggestion of conspiracy" when the plaintiff, relying on circumstantial evidence of an agreement through parallel conduct, failed to plead any factual allegations of an agreement).

### (2) CONSTRUCTIVE FRAUD

There is no Louisiana codal provision defining "constructive fraud" as it appears in the context of the complaint.[14] This absence is accentuated by the scant coverage constructive fraud

---

[12] Compl. ¶¶ 1-31, 32, & 33 [Doc. 1]. Paragraphs 1 through 31 contain an overview of the causes of action as well as factual allegations describing a systematic pattern of errors and neglect on part of Citi in managing the plaintiffs' escrow account. Paragraph 32 simply states that Citi "failed to make accurate statements of accounts" and "failed to properly inform [the] plaintiffs that their taxes had not been paid." Finally, paragraph 33 alleges that Citi sent out statements falsely indicating that taxes had been paid.

[13] Pls.' Mem. in Opp'n of Mot. to Dismiss 5-7 [Doc. 10].

[14] The complaint states that "Citi's failure in its obligation to make timely tax payments, to keep accurate statements of account, and to make improper charges against plaintiffs' escrow accounts

5

receives in Louisiana cases. *See, e.g., Delaney v. Whitney Nat'l Bank*, 96-2144, pg. 13 (La. App. 4 Cir. 11/12/97), 703 So.2d 709, 718, *writ denied*, 98-0123 (La. 3/20/98), 715 So.2d 1211. It is rarely, if ever, discussed as a separate, independent cause of action. *Cf. id.* Over fifty years ago, one court applying Louisiana law acknowledged that constructive fraud is recognizably dissimilar to conduct cognizable as actionable deception since it is a "relative term[] describing [a] broad equitable concept[]." *Johnson v. Mansfield Hardwood Lumber Co.*, 159 F. Supp. 104, 118 (W.D.La. 1958) (dictum). Constructive fraud, for example, need not involve actual dishonesty on the part of the defendant; it may involve a breach of fiduciary duty or a breach of the contractual duty of good faith. *See* 37 AM. JUR. 2D *Fraud and Deceit* § 9 (2010) ("Breach of fiduciary duty or contract *uberrimae fidei* is usually called 'constructive fraud,' whereas the term 'legal fraud' is generally used to characterize a misrepresentation made with knowledge of its falsity"); *see also Riddle v. Simmons*, No. 40,000-CA, p. 37 (La. App. 2 Cir. 2/16/06); 922 So.2d 1267, 1290 ("[S]ince such breach by a fiduciary has been characterized as a constructive fraud. . ., the principle of La. Civ. Code art. 1997 is implicated") (dictum). In sum, this Court has found no code provision and no case that establishes a right to relief for constructive fraud. Notably, the plaintiffs have also failed to define this cause of action.

Since this Court has found neither case nor code establishing a right to recover for constructive fraud, the plaintiffs may not recover, as a matter of law, under that theory. There is no legally cognizable cause of action for constructive fraud under Louisiana law. Consequently, the plaintiffs have failed to state a claim upon which relief may be granted.[15]

---

are . . . significant breaches . . . as to constitute constructive fraud." Compl. ¶ 37 (emphasis added).

[15] This Court is not testing the factual allegations in isolation, but is instead examining those allegations based on the cause of action specified within the complaint. In other words, this

6

### (3) BREACH OF GOOD FAITH AND FAIR DEALING

Louisiana law requires that good faith govern the conduct of the obligor and the obligee in whatever pertains to the obligation. LA. CIV. CODE ANN. art. 1759 (2006). All contracts, moreover, must be performed in good faith. *Id.* art. 1983 . Unfortunately, the Civil Code does not define "good faith."

The Civil Code, however, does define "bad faith." For instance, "an obligor is in bad faith if he intentionally and maliciously fails to perform his obligation." *Id.* art. 1997, comment (b). Louisiana courts, moreover, do not distinguish between "bad faith" and "lack of good faith." *American Bank & Trust of Coushatta v. FDIC*, No. 91-2268, 1995 WL 363432, at * 7 (W.D.La. Sept. 16, 1993) (examining the definition of good faith under Louisiana law). An obligor is either in good faith or bad faith; there is no middle ground. *Id.* Accordingly, the breach of the obligation of good faith is an intentional and malicious failure to perform a contractual obligation.

Here, the complaint states that Citi acted in bad faith through its failure to properly administer the plaintiffs' escrow account, as it was allegedly obligated to do.[16] The plaintiffs specify what prompted this failure in the incorporated paragraph 37: gross negligence and a "wanton disregard for [the] [p]laintiffs' rights."[17] Like the plaintiffs' fraud claim, the breach of good faith claim lacks the requisite intent. As the Fifth Circuit held, "gross fault cannot be a breach of good faith under Louisiana law." *American Bank & Trust of Coushatta v. FDIC*, 49 F.3d 1064, 1068 (5th Cir. 1995).

---

Court is examining whether the factual allegations in the complaint raise a right to recover for Constructive Fraud.

[16] Compl. ¶ 37 [Doc. 1].

[17] Pls.' Mem. in Opp'n to Mot. to Dismiss 6 [Doc. 10].

7

While the plaintiffs argue that "it is unfathomable that an organization with the size, breadth, capacity, and resources of Citi could have been acting in anything but an intentional manner," conspicuously absent from the plaintiffs' complaint are any allegations of intentional conduct.[18] "[W]anton disregard" may constitute a reckless and spiteful *ignorance* of the plaintiff's rights, something more than mere negligence, but it does not rise to the level of intentional and malicious conduct. *See Gefer v. Alpha Technical*, 2002-1237, p. 7 (La. App. 4. Cir. 8/8/2007); 965 So.2d 511, 517 (approving district court's jury instructions, which defined "wanton and reckless" as "a conscious indifference to consequences, amounting *almost* to a willingness that harm . . . would follow" (emphasis added)); *Bond v. Broadway*, 607 So.2d 865, 867 (La. Ct. App. 1992). As such, the plaintiffs have not properly pleaded claims for Breach of Good Faith and Fair Dealing. Accordingly, it is

ORDERED that Citi's Motion to Dismiss is GRANTED in part. The plaintiffs' claims for Constructive Fraud and violations of the Louisiana's Unfair Trade Practices Act are dismissed with prejudice, and the plaintiffs' Fraud and Breach of Good Faith and Fair Dealing claims are dismissed with leave to replead;

IT IS FURTHER ORDERED that the plaintiffs may file an amended complaint that alleges the specific factual basis for his claims with the Court within 21 days from the date of this Order.

Lake Charles, Louisiana, this 30 day of November 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[18] Compl. [Doc. 1].

8